**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicole Maxie**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Group 71 Inc.**, an Arizona corporation, and **Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky**, a married couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Nicole Maxie ("Plaintiff" or "Nicole Maxie"), sues the Defendants

Group 71 Inc. and Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky, (collectively

"Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Group 71 Inc. is a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Group 71 Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     At all relevant times, Defendant Group 71 Inc. owned and operated as "Group 71," a venture capitalist firm in Phoenix, AZ.

10.     Under the FLSA, Defendant Group 71 Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Group 71 Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Group 71 Inc. is subject to liability under the FLSA.

11.     Defendants Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.

-3-

Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky are owners of Group 71 Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Zdenek Gonsiorovsky and Jane Doe Gonsiorovsky are subject to individual liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

DocuSign Envelope ID: CF0980C9-076E-4241-826E-53AB568704F6

## FACTUAL ALLEGATIONS

27.     Defendants own and/or operate as Group 71, an enterprise that does business as a venture capitalist firm located in Maricopa County, Arizona.

28.     Plaintiff was hired by Defendants in approximately September 2021.

29.     At all relevant times, Plaintiff worked for Defendants through approximately mid-October 2021.

30.     At all relevant times, in her work for Defendants, Plaintiff worked as an office manager.

31.     Defendants, in their sole discretion, paid Plaintiff $20 per hour.

32.     As an office manager, Plaintiff's job duties included, but were not limited to, accounting, payroll, calendaring, and answering telephones.

33.     Defendants classified Plaintiff as W-2 employee.

34.     At all relevant times, Defendants paid Plaintiff on a bi-weekly basis.

35.     Defendants failed to compensate Plaintiff any wages whatsoever for the final three workweeks of her employment with Defendants.

36.     During Plaintiff's final three workweeks, she worked approximately 92 hours for Defendants.

37.     Therefore, for the final three workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever for the final approximately 92 hours she worked.

DocuSign Envelope ID: CF0980C9-076F-4241-826F-F3AB568794F6

38.     On or about October 28, 2021, Plaintiff inquired with Defendant Zdenek Gonsiorovsky about when she would receive payment for two of the final three workweeks she worked for Defendants.

39.     On or about November 10, 2021, Defendant Zdenek Gonsiorovsky acknowledged that he owed Plaintiff her unpaid wages but stated that he was unable to come up with the funds to pay those wages.

40.     Plaintiff continued this dialogue back and forth with Defendant Zdenek Gonsiorovsky via email through November and December of 2021 in an effort to be compensated for the wages she earned.

41.     Despite this, Defendants continued to withhold the wages due and owing Plaintiff for the final three workweeks of her employment.

42.     To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

43.     As a result of not having paid any wage whatsoever to Plaintiff during her final three workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

44.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

45.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

46.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

DocuSign Envelope ID: CF0980C9-0765-4241-826E-53AB568794F6

47.     Plaintiff was a non-exempt employee.

48.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff for her final three workweeks would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

49.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

50.     Plaintiff is a covered employee within the meaning of the FLSA.

51.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

53.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

54.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial,

DocuSign Envelope ID: CF0980C9-0765-4241-826E-53AB568704F6

in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

55.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.    As a result of not paying Plaintiff any wage whatsoever for the final three workweeks of her employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

57.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

58.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicole Maxie, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.    Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.    Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

DocuSign Envelope ID: CF0880C9-0765-4241-8265-53ABF66701F6

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

59.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.   As a result of not paying Plaintiff any wage whatsoever for the three workweeks of her employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

61.   Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

62.   Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicole Maxie, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.   Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.   Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

63.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

DocuSign Envelope ID: CF0880C9-0765-4241-8265-F3ABF66791F6

64.     As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

65.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

66.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final three workweeks she was employed by Defendants.

67.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff for the final three workweeks of her employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

68.     Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Nicole Maxie, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th day of January, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

**<u>VERIFICATION</u>**

Plaintiff, Nicole Maxie, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, she believes them to be true.

Nicole Maxie

-14-